## FOULKES v. YOUNG.

1. Any irregularity in the issuing of a warrant is waived by the appearance of the defendant before the Justice, and entering into recognisance without objection.

2. Judgment reversed, the defendant having been deprived by the conduct of the Justice of any opportunity of making defence. Defendant is entitled to be heard, either by guardian or by attorney.

3. If the defendant be an infant, a guardian must be appointed to defend for him, before the Justice can try the cause, and give judgment against him.

*Certiorari* to Justice *Hudnut*, of Mercer.

The defendant below was a student in Princeton College, and as alleged, a minor. The plaintiff made oath that the defendant was indebted to him on book account for boots and shoes sold and delivered to the amount of $62, and that he was about to remove with his property out of the State, with the intent to defraud the plaintiff. The justice on making the affidavit, of which the substance is stated above, issued his warrant and the defendant was arrested. Mr. McLean, one of the Professors in the College, who had been requested by the parents of the defendant to take charge of him and his funds, and to regulate his expenses, appeared before the justice upon the return of the warrant and claimed to act as his guardian, having been sent for by the defendant. The defendant desired to go on with the

Foulkes v. Young.

trial, and Professor McLean read the statute (*Rev. Stat.* 590) to show that the defendant, alleged to be a student and a minor, was not liable to the plaintiff. The justice, however, at the request of the plaintiff below, adjourned the hearing for three days, and the defendant entered into recognisance, with Mr. McLean as surety, for his appearance at that time. The justice was asked if Mr. Foulkes could return home, and replied that he knew no reason why he could not. According to one witness, whose affidavit was produced, Professor McLean asked the justice, if he could not appear in the place of Mr. Foulkes, as he was his guardian, and let him (Foulkes) return home ; the justice replied in the presence of Mr. Young, that he knew no objection. The defendant went home on the supposition that the trial could take place, and defence be made for him in his absence. On the adjourned day the plaintiff appeared, aided by counsel. Mr. McLean appeared, accompanied by a counsellor at law, on the part of the defendant, and offered to file a written undertaking to act as guardian of the defendant in order to defend the suit, which was objected to by plaintiff's counsel and overruled by the court. James S. Green, Esq. then offered himself as attorney for the defendant in the cause, and he was also objected to on the part of the plaintiff, and his offer overruled. The plaintiff then proceeded to try the cause, no defence being permitted to be made on behalf of the defendant, and the justice gave judgment for the plaintiff in the sum of $62, besides costs of suit.

*J. S. Green,* moved to reverse the judgment of the Justice.

Before Justices NEVIUS and CARPENTER, sitting apart for the hearing of common business.

1. The defendant was surprised by the course pursued by the plaintiff, and deprived of an opportunity to make defence. *South* 288 ; 5 *Halst.* 55 ; 2 *Pen. R.* 630. The defendant had a defence, and although the trial was in his absence, (*Rev. Stat.* 234 § 15,) yet the justice should have permitted it to have been raised, either by guardian appointed to defend for him, or by attorney.

2. The affidavit filed was *not sufficient to* warrant his arrest. There was no regular order made by the justice to support the warrant; no adjudication of fraud. *Spenc.* 497. [COURT. Any irregularity in regard to issuing the warrant seems to have been waived by appearance before the justice, and entering into recognisance without objection.]

*Hagerman,* contra.

There was no request by the defendant for any one to act as guardian in his behalf, and therefore Mr. McLean had no right to appear. Infancy is a personal privilege. 3 *Gr.* 343.

It was alleged in his behalf that defendant was an infant, and therefore he could not appear by attorney. [CARPENTER, J. If the defendant was an infant, how could the plaintiff proceed until a guardian was appointed to defend for him?]

CARPENTER, J. The defendant was deprived of an opportunity of making any defence by the course pursued by the plaintiff and by the justice. He left under the understanding on his part as well as by those who aided him, that the trial could be had in his absence. The plaintiff was secured by a recognisance that the defendant would either pay the amount which might be recovered in the suit, or surrender himself upon execution. The fifteenth section of the Small Cause Act authorises the justice in such case to proceed to trial without any personal appearance by the defendant, and in case of judgment, the surety would then become liable upon the recognisance. It was a reasonable expectation that the defendant should have an opportunity of raising the defence, which had already been opened by the gentleman who entered into recognisance for his appearance, and who on the second day signed a written consent to act as guardian. If an infant, the justice was bound to appoint a guardian to defend for him, before he could legally try the cause and give judgment against the defendant. The defendant on the first day had sent for the person who offered to act as guardian, for the very purpose of aiding him in his defence. The consent of the defendant, that he should act as his guardian, had sufficiently been shown to the justice by what

Foulkes v. Young.

had previously been done in open court, and if an infant, the justice should have accepted the offer to become guardian. If the defendant was not an infant, he should have been permitted to appear by attorney. The judgment must be reversed.

NEVIUS, J. concurred.

CITED *in Steward* v. *Sears,* 7 *Vr.* 175.